IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mary Dean, | ) | C.A. No.: 6:15-cv-00816-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Life Insurance Company of North America, | ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Missouri.

II.

Defendant is the insurer of a disability benefits plan organized and existing pursuant to ERISA 29 U.S.C. §1132(d) which has plan participants in and significant ties to Greenville, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits from the Defendant pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

IV.

Until January 2013, Plaintiff was employed with Trans States Holdings, Inc. and as an employee of Trans States Holding, Inc., Plaintiff was provided with long term disability

insurance coverage via a plan which was sponsored by her employer and insured by Defendant.

V.

Plaintiff became disabled because of certain problems from which she suffered. Plaintiff was forced to cease working and she filed a claim for long term disability benefits under the plan.

VI.

Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

VII.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial and attempted to fully exhaust administrative remedies, but Defendant, who is the claims fiduciary of the plan, has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it has failed to provide Plaintiff with the documents that served as a basis for denial as required by 29 C.F.R. § 2560.503-1 despite multiple requests by Plaintiff's counsel (*see* exhibit A hereto which are Plaintiff's collective letters requesting relevant documents). Defendant's failure to provide the requested documents is a breach of its fiduciary duty which has made it impossible for Plaintiff to fully exhaust administrative remedies and

Plaintiff is excused from fully exhausting administrative remedies pursuant to the doctrine of futility.

## FOR A FIRST CAUSE OF ACTION

### VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

### IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and additional evidence *de novo*, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan.  Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of her claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper,

including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

                                                s/ Robert E. Hoskins
Robert E. Hoskins, Esq.
Federal Bar #: 5144
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: rhoskins@erisaexperience.com

Date: February 25, 2015                Attorneys for Plaintiff